ELIAS NARVAIS V. STATE

No. 28,815. March 13, 1957.

*Jack Q. Tidwell,* Lamesa, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for driving an automobile while intoxicated upon a public highway, with punishment assessed at a fine of $50 and three days in jail.

Appellant's intoxication was a disputed issue, under the facts.

We have concluded that the certificate of error by the trial court, as set out in Bill of Exception No. 6, requires a reversal of this conviction.

The certificate reads as follows:

"Be it remembered that on the trial of the above entitled and numbered cause The Court committed a material error calculated to injure the rights of the Defendant in that the Court qualified Miss Larlu Hays, a member of the jury panel, as a householder when in fact she is a single woman, having never been married, who lives alone in a rented house in Lamesa, Texas, who owns no real property in the State of Texas, who has no dependents, and who is not the head of a household."

In connection therewith, the bill of exception contains this further certificate, viz.:

"Be it remembered that the Defendant was forced to exercised his last peremptory challenge on this member of the panel, and was then forced to accept a juror objectionable to this Defendant, to-wit: Mr. Ed Hatch, a former Deputy Sheriff and a former peace officer with many years service, which juror was later elected foreman of the jury, and which juror was materially harmful to this Defendant * * *."

Under such certificate there is no escape from the conclusion that the trial court has certified that he fell into error in holding the prospective juror to be qualified and that such error was calculated to and did injure the appellant.

For the reasons stated, the judgment is reversed and the cause is remanded.